UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO MENDEZ, <br><br> Plaintiff, <br><br> v. <br><br> J. S. WOODFORD, et al., <br><br> Defendants. | Case No. 00-cv-01544-SI <br><br> **ORDER DENYING REQUEST TO COMPEL COMPLIANCE WITH SETTLEMENT AGREEMENT** <br><br> Re: Dkt. No. 99 |

This matter is now before the court for consideration of plaintiff Mendez's request to compel defendant prison officials to comply with a settlement agreement executed in 2002. The request will be denied because the court lacks jurisdiction over the settlement agreement.

The parties settled this case nearly 18 years ago. They embodied the settlement terms in a written agreement signed in February 2002 in which Mendez essentially agreed to dismiss all claims with prejudice in exchange for $10,000 and continued medical treatment for his glaucoma.[1] Docket No. 99-1 at 5. The agreement also mentioned a desire to have the undersigned hear any judicial proceeding to enforce the agreement:

> In the event of a judicial proceeding to enforce this Agreement, the prevailing Party shall be entitled to recover its reasonable attorneys' fees and costs incurred in that proceeding. The *parties shall seek to have such a proceeding heard by the Honorable Susan Illston* of the U.S. District Court, Northern District of California.

Docket No. 99-1 at 9 (emphasis added). The agreement further stated that it would be governed by the "laws of the State of California." *Id.* at 10.

---

[1] The settlement agreement included other terms, such as provisions for which doctor would be the primary provider for Mendez and what should happen if that doctor should need to cease providing care.

The Court then dismissed the case with prejudice on May 7, 2002. Docket No. 81. The dismissal order did not mention the retention of any jurisdiction by the court over disputes arising from the settlement agreement, nor did the order incorporate any term of the settlement agreement. The "stipulation and order of dismissal" prepared by the parties stated: "The parties hereby voluntarily stipulate to the dismissal with prejudice of the above-captioned action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, and each party to bear his/her own attorneys' fees and costs." Docket No. 81 at 1-2. That single sentence of text was followed by the phrase "so stipulated" and the signatures of the attorneys, and then the phrase "it is so ordered" and the undersigned's signature. *Id.* at 2.

Unless it has specifically retained jurisdiction, a district court lacks authority to decide any dispute (e.g., a motion to enforce the agreement) arising from a settlement agreement. A district court retains jurisdiction over a settlement agreement only if (1) the order specifically states that the court retains jurisdiction over the settlement agreement, or (2) the court incorporates the terms of the agreement in its dismissal order. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). When either of these situations arise, any breach of the settlement agreement is a violation of a court order and provides the court the ancillary jurisdiction necessary to enforce the order. *Id.* Otherwise, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 382.

Here, the May 7, 2002 dismissal order did not explicitly retain jurisdiction over the settlement agreement and did not incorporate any terms of the agreement into the order. Docket No. 81. The parties' aspirational statement in the settlement agreement that they would "seek to have [an enforcement] proceeding heard" by the undersigned falls far short of giving the court jurisdiction to hear disputes about the settlement agreement. *See Kokkonen*, 511 U.S. at 381; *cf. Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995).[2] The request to compel compliance

---

[2] In *Hagestad*, the Judge overseeing the settlement conference stated orally during the conference that he wished to maintain jurisdiction over subsequent proceedings concerning the settlement. *Hagestad*, 49 F.3d at 1433. Nonetheless, the Ninth Circuit concluded that because the court's dismissal order neither retained jurisdiction nor incorporated terms of the settlement agreement, the court did not have jurisdiction over the settlement. *Id.*

2

with the settlement agreement therefore is DENIED. Docket No. 99.

Mendez may not file any more motions or requests in this case seeking compliance with or other enforcement of the settlement agreement. Mendez's sole judicial recourse, if he believes the settlement agreement has been breached—a matter on which the court does not express an opinion—is to file a new action in state court for a breach of the settlement agreement. *See Kokkonen*, 511 U.S. at 382. Mendez also remains free to file a new action in federal or state court asserting a claim that his medical or eye care in recent years has been deficient.

**IT IS SO ORDERED**.

Dated: December 5, 2019

_____
SUSAN ILLSTON
United States District Judge